WESTERN SURETY COMPANY, Appellant, v. WALTER
et al, Respondents.

(177 N. W. 804.)

(File No. 4682.    Opinion filed May 24, 1920.)

**Negotiable Instruments—Heirs' Note for Decedent Treasurer's Defalcation—Part Payment by Decedent's Surety and Assignee of Note—Deferring Payment, Extention, Forbearance, Family Pride, Whether Sufficient Consideration—Directing Verdict, Error.**

Where the widow, father and two brothers of decedent, executed without money consideration, to county treasurer a promissory note to cover a defalcation of decedent as county treasurer, the avowed reason for givng the note being preservation of family pride and desire to save good name of deceased, and the surety on deceased's official bond paid to county a balance due on the note, the county commissioners by resolution assigning the note to him; held, (without expressing an opinion on question whether preservation of family pride was alone a sufficient consideration) that the implied extension of time upon the 90 day note, accompanied by actual forbearance constituted a good consideration therefor; the debt being due on the day the note was given and the county being then entitled to proceed against the estate, and thereby they tacitly agreed they would not proceed until after due date of note; such implied extention, as against the estate, being a detriment to the promisee" or a prejudice suffered by the promisee, within Sec. 840, Rev. Code 1919; and such due debt being under said circumstances a good consideration for the note; and trial court erred in directing verdict for defendants.

Whiting, J., concurring specially.

Appeal from Circuit Court, Hutchinson County.    Hon.
ROBERT B. TRIPP, Judge.

Action by Western Surety Company, a corporation, against Jacob Walter and others, to recover upon a promissory note. From a judgment for defendants, and from an order denying a new trial, plaintiff appeals.    Reversed.

*Kirby, Kirby & Kirby,* for Appellant.

*French, Orvis & French,* for Respondent.

Appellant cited:  Galena Natl. Bank v. Ripley, 104 Pac. (Wash.) 807; Papple v. Day, 123 Mass. 520.

Respondent cited:  9 Cyc. 308, 311.

GATES, J.  Appeal from a judgment entered for defendants upon a directed verdict and from an order denying a new trial.

There are no disputed facts.  The material facts are that one Walter was the county treasurer of Hutchinson county; that he died December 15, 1915, and shortly thereafter it was discovered that he had misappropriated county funds, that he was owing the county the sum of $9,242.77; that on December 27, 1915, at the instance of the county commissioners, the widow, father, and two brothers of deceased executed and delivered to the treasurer of said county a promissory note. in the said sum, payable 90 days after date; that on January 11, 1916, there was paid on said note the sum of $5,361.80 by Anna Walter, the widow of said deceased; that on September 5, 1916, the appellant the surety on the official bond of deceased paid to the county the balance, to wit, the sum of $3,880.97, and the county commissioners adopted a resolution, assigning said promissory note to appellant; that on December 1, 1917, the administrator of the estate of said deceased paid the sum of $1,768.05 to appellant on said note.  This action was brought by appellant against the makers of said promissory note to recover the balance due after crediting the above payments.  No money consideration moved to the signers of the note.  Their avowed reason for giving the note was the preservation of family pride, the desire to save the good name of deceased.

It is the contention of respondents, and evidently was the view of the trial court in directing the verdict for defendants, that there was no consideration for the giving of the note.

It is the contention of appellant that there was at least an implied extension of time of payment of the debt by the acceptance by the county commissioners of a promissory note payable 90 days in the future, and that such implied extension, accompanied by actual forbearance, together with the desire of the makers to save the good name of deceased, was a sufficient consideration.  Without expressing an opinion upon the question whether the preservation of family pride was alone a sufficient consideration for the giving of the note, we are of the opinion that the implied extension, accompanied by actual forbearance did constitute a consideration for the giving of the note.  It is urged that, inasmuch as the surety was not a party to the giving of the note, the county might on that very day have proceeded against

the surety, and therefore that no prejudice resulted to the county by any extension. What action the county might have taken against the surety is utterly immaterial. The fact is the debt was due on the day the note was given, and the county was then entitled to proceed against the estate of the deceased therefor. It was not bound to proceed against the surety. By accepting the note, the county comimssioners tacitly agreed that they would not proceed against the estate of said deceased until after the 90 day period had elapsed. The implied extension as against the estate of deceased was "a detriment to the promisee," or in the language of section 840, Rev. Code, 1919, a "prejudice suffered by the promisee" which amounted to a consideration for the note.

In Daniels on Neg. Inst. (6th Ed.) § 185, the author says:

"There is no doubt that a debt due from a third person as from A. to B. is a good consideration for a note as from D. to B., provided there was an express agreement for delay or an implied agreement which would arise if the debt were then due, and the note were made payable at a future day."

In sustaining such a consideration the Washington court said in Galena Nat. Bank v. Ripley, 55 Wash. 615, 104 Pac. 807, 26 L. R. A. (N. S.) 993:

"The undisputed facts and circumstances of this case lead to the inevitable conclusion that the consideration for the notes was the forbearance of the bank from prosecuting or pressing its valid claim against the father's estate. Such forbearance upon its part constituted a good and valid consideration."

In Fulton v. Loughlin, 118 Ind. 286, 20 N. E. 796, the court said:

"An express or implied agreement to delay the collection of a precedent debt is a sufficient consideration to support the promise of a third person."

In Zimbelman & Otis v. Finnegan, 141 Iowa, 358, 118 N. W. 312, the court said:

"Moreover, a debt due from a third person is a good consideration for a note from a maker to the creditor, provided there was either an express or implied agreement for an extension of time."

Upon this appeal the only question argued is whether there

was consideration for the giving of the note.  We conclude that the trial court erred in directing the verdict on that issue.

The judgment and order appealed from are reversed, and the case remanded for a new trial.

WHITING, J. (concurring specially.)  Plaintiff sued as the indorsee of a promissory note, and made no other claim for relief. The issue raised, by the motions of the respective parties for directed verdicts, was whether or not the note sued on was based upon a sufficient consideration. Inasmuch as the trial court directed the verdict for defendant, we must assume that it held that the note was without consideration.  The note was based upon a valuable consideration, and therefore, if the plaintiff can claim the rights of indorsee, it has a right to recover.  But the record discloses that the note was given as security for an obligation growing out of a defalcation against which plaintiff had indemnified a certain county, the real payee of such note.  The plaintiff, as indemnitor, was liable to the county under a surety bond it had executed.  Plaintiff paid to said county a balance remaining due because of such defalcation.  By such payment it extinguished the obligation for which the note stood as security. The note itself ceased to exist as an enforceable obligation unless the plaintiff, by virtue of its position as surety, was entitled to be subrogated to the rights which the county previously had against the makers.  Therefore plaintiff's right of recovery, if any exists, rests upon the equitable doctrine of subrogation—a right in no manner pleaded, and in no manner urged before the trial court— and not upon the purported indorsement.  This court has uniformly held that it would sustain the trial court if the trial court's judgment was correct even though based upon an erroneous ground. But this is only where it appears that the ground upon which the judgment should rest could not possibly be avoided upon a new trial.  The right of subrogation as between sureties depends upon the superiority of the respective equities of such sureties.  In this case the superiority of equities might depend upon matters not apparent upon the record on this trial.  I am of the opinion that the ends of justice demand that we reverse the lower court, to permit of such further proceedings as may be proper herein.