WESTERN SURETY COMPANY, Appellant, v. WALTER, et al., Respondent.

(182 N. W. 635.)

(File No. 4853.   Opinion filed April 12, 1921.   Rehearing denied May 11, 1921.)

1. **Res Judicata—Endorsee's Suit on Note, Decision Re Consideration, Whether Res Judicata Re Defense of Subrogation to Payee's Rights.**

   Where, in a suit by an endorsee of a note, trial court directed verdict for defendant on ground of want of consideration, judgment being reversed on appeal on the ground that there was a consideration for the note, held, that said decision on appeal was not res judicata on the subsequent appeal from a judgment awarded on a new trial, and did not bar determination on latter appeal of plaintiff's right to be subrogated to the rights of the payee of the note; this although in a concurring opinion on former appeal attention was drawn to fact that, as record then stood, plaintiff could only recover on theory of subrogation, and that facts then appearing did not entitle it to be so subrogated.

2. **Appeals—Error—Findings, Insufficiency of Evidence, Non-consideration of For Want of Motion For New Trial.**

   There having been no motion for new trial below, appellant cannot question sufficiency of evidence to support findings.

3. **Payment—Note to County to Indemnify For Loss Re Defaulter, Suit on by Indorsee—Note, Whether Given as Security or Payment.**

   In a suit by a surety on a county officer's bond, as indorsee upon a promissory note given by third party to the county as security for or indemnity against any loss it had suffered because of the officer's defalcation, held, the evidence was sufficient to warrant trial court in finding the note was given as such security, and not as payment of the amount due the county because of the defalcation; it appearing that after receiving the note, county filed a claim against defaulter's estate, which claim, with the note, was assigned to plaintiff, upon which claim it received a sum which was credited on the note, hence plaintiff and county understood the note did not pay the county's claim.

4. **Pleadings—Subrogation, Right to Rely Upon Re Indorsee's Suit on Note, Without Plea of Subrogatory Right—Rule Re Relief—Former Decision Distinguished.**

   Ordinarily the issue of subrogation must be plead; yet it has been held that, in absence of a plea claiming such right,

equity will grant relief under prayer for general relief, where justified by established facts. So held, in a suit by a surety on county officer's bond, as indorsee on a note given the county by third persons to indemnify county for loss from defalcation, although plaintiff merely alleged and proved it was indorsee of the note. Park v. Robinson, 15 S. D. 551, distinguished.

5.  Subrogation—Surety's Suit as Indorsee on Note Given County to Indemnify Against Loss Through Defalcation—Whether Plaintiff Subrogated to County's Rights Re Note.

Where plaintiff, a surety on a county officer's official bond, dorsee on a promissory note given the county by third persons to the county to indemnify it against loss it had suffered because of the officer's defalcation, held, that plaintiff could only recover on the equitable principle of its subrogation to the rights of the county as payee of the note; that no such ground exists, since defendant did not give the note for the benefit of plaintiff but merely to indemnify the county against loss from the past defalcation and for which county could recover against defaulter's estate and against plaintiff, and also because the note was not security which plaintiff's principal had secured for county's benefit.

6.  Subrogation—Rule Re, Concerning Discharge of Debt By Him Who Equitably Ought to Pay—Rule Stated.

Subrogation is the mode adopted by equity to compel ultimate discharge of a debt by him who in good conscience ought to pay it, and to relieve him whom none but the creditor could ask to pay; and the rights of one seeking subrogation must have greater equity than rights of those who oppose him.

7.  Subrogation—Statutory Surety Entitled to Security for Principal Obligation, Whether Applicable to Official's Surety Sueing on Note Indemnifying County Re Defaulter.

A surety on a county officer's official bond, who sues as indorsee on a promissory note given the county by third persons to indemnify county against loss from the officer's defalcation, is not entitled to be subrogated to county's rights as payee of the note, by virtue of Sec. 1510, Code 1910, providing that a surety is entitled to benefit of every security for performance of the principal obligation held by creditor, or by a co-surety at time of making suretyship contract, or acquired by him afterwards, etc.; said statute being intended merely as a declaration of the established rule that the "security" to the benefit of which one entitled to subrogation succeeds, is security furnished the "creditor" by the principal debtor, and has no reference to security or indemnity furnished by a stranger; the primary obligation of the principal on the surety bond having arisen, not on the bond, but upon the officer's defalcation, and

8—Vol. 44, S. D.

the bond was a collateral security for faithful performance of the officer's official duties.

Appeal from Circuit Court, Hutchinson County. HON. *Robert* B. TRIPP, Judge.

Action by The Western Surety Company, a corporation, against Jacob Walter and others, to recover as indorsee of a negotiable promissory note given by defendants to a county and by it indorsed to plaintiff. From a judgment for defendant, and from an order denying a new trial, plaintiff appeals. Affirmed.

*Kirby, Kirby & Kirby,* for Appellant.

*French, Orvis & French,* for Respondent.

(1)   To point one of the opinion, Appellant cited: Herman on Estoppel and Res Adjudicata, Vol. 1, page 118; Plymouth County Bank v. Gilman, 3 S. D. 170; 23 Cyc. 1197; City of Mitchell v. Telephone Company, 27 S. D. 511.

Respondents cited: Vol. 2, Black on Judgments, secs. 618, 733.

(3)   To point three, Appellant cited: Park et al., v. Robinson et al., 15 S. D. 551; Fred Heim Brewing Co. v. Jordan, (Mo.) 85 S. W. 927; American Bonding Company v. National Mechanics Bank (Md.) 55 Atlantic.

(5)   To point five, Respondent cited: Sec. 1419, Pomeroy's Equity Jurisprudence, Vol. 3; Leggett v. McClelland, 39 O. St 624; Crystal v. Hutton, Cal. 81 Pac. 1115.

WHITING, J.   Plaintiff sues, as the indorsee of a negotiable note, and seeks to recover a judgment against the maker of such note.   This cause was before us on a former appeal, our opinion being reported in Western Surety Co. v. Walter, 177 N. W. 804.   Reference is made to such opinion for a statement of the facts as they then appeared, the question presented upon such appeal, and the decision of this court thereon.   A second trial of this cause was had before the court without a jury.   Findings and conclusions were filed, and upon these judgment was entered for defendants.   From such judgment this appeal was taken.

Appellant contends:   First, that the former opinion of this court is res judicata of the issues raised on the second trial; and second, that the findings of the court do not support its conclusions and judgment.

[1]   There is no merit in appellant's contention that the for-

mer opinion of this court is res judicata as to the issues now before us. The sole defense pleaded upon the first trial was want of consideration, and it appears from our former opinion that the trial court, on that trial, directed a verdict for defendants because it believed such defense to have been sustained. All that this court held upon the former appeal was that there was a consideration for the note in suit. In a special concurring opinion attention was called to the fact that, as the record then stood, plantiff would not be entitled to recover, even though the note was based on a sufficient consideration; that plaintiff could only recover on the theory of subrogation; that the facts, then before the court, did not show it entitled to be subrogated to the rights of the payee of the note as against the maker; but that, inasmuch as the plaintiff might upon a further trial show facts entitling it to be subrogated to the rights of the payee of the note, a new trial should be awarded. The defense amended its answer, abandoning the defense of want of consideration for the note, but the plaintiff did not amend its complaint—it still sought to recover as an ordinary indorsee of the note, and not by virtue of any equitable right to be subrogated to the rights of the payee of the note. As the only matter adjudicated by this court upon the former appeal was the question of want of consideration, it is perfectly clear that the former decision of this court does not in any manner bar defendants' right to interpose defense other than want of consideration for such note, and to rely, in support of such defense, upon part or all of the same evidence that was received upon the former trial.

[2, 3] Appellant states that the trial court found that the note in suit was given to the payee thereof as security for the loss which it had suffered through the defalcation of the county treasurer; and appellant insists that the evidence did not warrant a finding that it was given as security rather than as a payment of the amount due the county because of such defalcation. There are two answers to the above: First, there was no motion for a new trial, hence appellant cannot question the sufficiency of the evidence to support the findings; second, there was ample evidence to warrant the court in finding that the note in suit was given to and received by the county as security for, or perhaps more properly speaking, to indemnify it against, any loss it had

suffered because of the defalcation. After receiving such note, the county filed a claim against the estate of the defaulter. Furthermore this claim, as well as the note, was assigned to appellant, and, upon such claim, appellant received a large sum of money which it credited on the note. The above shows that the appellant, as well as the county, understood that the giving of the note did not pay the claim of the county.

[4, 5] Can appellant recover on the theory that it is entitled to be subrogated to the rights of the county as against respondents? Ordinarily the issue of subrogation must be pleaded (37 Cyc. 390), but it has been held that, even in the absence of a plea claiming the right of subrogation, equity will grant relief, under the prayer for general relief, where it is justified by the facts alleged and established. No facts were pleaded by appellant upon which a right of subrogation could rest—it merely alleged and proved that it was the indorsee of the note sued upon. Did the evidence offered by the defense disclose facts entitling appellant to recover? If so, plaintiff should recover. These facts are those stated in the former opinion of this court, with the additional fact that appellant received a consideration for its undertaking as surety on the treasurer's bond. Did the writer hereof, in his concurring opinion on the first appeal, err in holding that the facts then before the court did not entitle appellant to a judgment against respondents? If not, the trial court did not err upon the second trial.

[6] Upon what principle of equity can appellant rest any claim to right of subrogation? It has suggested none. Subrogation is—

"the mode which equity adopts to compel the ultimate discharge of the debt by him who, in good conscience, ought to pay it, and to relieve him whom none but the creditor could ask to pay * * * and the rights of one seeking subrogation must have a greater equity than [the rights of] those who oppose him." 37 Cyc. 370, 371.

On what ground can it be urged that "good conscience" requires that respondents and not appellant stand the loss flowing from the defalcation? It was appellant's business, for a consideration moving to it, to enter into just such contracts of indemnity as the one given by it in this case. There is absolutely no equit-

able ground upon which it can be urged that defendants should pay this claim. They did not give their note for the benefit of appellant, but merely to indemnify the county against any loss trom a defalcation that had already occurred, and for which the county had a right of recovery against the defaulter's estate and against appellant. Certainly under the equities, if the county had sued and recovered from respondents, they might have invoked the doctrine of subrogation as against appellant. Respondent's note was not security which appellant's principal had secured for the benefit of the county; if it were, there might be some basis upon which appellant might rest a claim of right to subrogation.

Appellant relies upon the decision in Park v. Robinson, 15 S. D. 551, 91 N. W. 344. In this case a bank held a secured note against a party. Thereafter a third party gave his note to the bank as further security. The maker of this last note was required to pay same and this court held that, under section 4309, Comp. Laws 1887 (now section 1510, R. C. 1919), this party was entitled to the benefit of the security held by the bank as security for the principal debt. This is a clear recognition of the principle of equity upon which subrogation rests. In Thurston v. Osborne-McMillan El. Co., 13 N. D. 508, 101 N. W. 892, cited by appellant, it was held that a mere surety on a note, who is compelled to pay the note, is entitled, upon payment thereof, to be subrogated to the rights of the creditor under a mortgage given by the principal debtor. Appellant has also cited several cases wherein the holding, if applied to the facts of this case, would be, that, upon payment of its liability under its surety bond, the appellant would be treated as the owner of *such bond* with the right, as such, to sue its principal thereon—a proposition not having the remotest bearing upon the question before us.

[7] Does section 1510, R. C. 1919, give to appellant the right of subrogation now claimed by it. Such section provides:

"A surety is entitled to the benefit of every security for the performance of the principal obligation held by the creditor, or by a co-surety, at the time of entering into the contract of suretyship, or acquired by him afterwards, whether the surety was aware of the security or not."

We think this section does not apply for two reasons: First. This section is intended merely as a declaration of the well estab-

lished rule existing at the time it was adopted, and therefore the "security," to the benefit of which one entitled to subrogation succeeds, is security furnished the "creditor" or "co-surety" by the principal debtor, and has no reference to security or indemnity furnished by a stranger. Eaton on Equity, § 251; 3 Pomeroy's Equity Jurisprudence, 1419; Leggett v. McClelland, 39 Ohio St. 624. Second. Respondents' note was not given as security for the bond upon which appellant was a surety. Respondents' note was given to secure the county from any loss because of a defalcation that had occurred. The primary obligation of the principal on the bond arose not upon the bond, but arose at the time of, because of, and upon the defalcation. The official bond entered into by appellant was but "a collateral security for the faithful performance of the official duties of the officer." Walton v. U. S., 9 Wheat. 651, 6 L. ed. 182. In other words, we have a case where one party has entered into a collateral undertaking to secure or indemnify another against the results of official misconduct; after there has been official misconduct other parties give to the injured party a note, not to secure the payment of the undertaking given by the wrongdoer and on which the other party is a surety, but to secure the payment of any loss which the injured party may eventually suffer because of the wrongdoing.

The judgment appealed from is affirmed.