In re PETERSEN'S ESTATE
CHANEY, et al, Respondents, v. BLAKE, et al, Appellants
(295 N. W. 494.)
(File No. 8345.   Opinion filed December 24, 1940.)

**Carl W. Miller,** of Beresford, for Appellants.

**W. W. French,** of Yankton, for Respondent Morris A. Chaney, as administrator of M. J. Chaney's estate.

ROBERTS, J.  M. J. Chaney was with others a surety upon a bond in the sum of $150,000 given by Sam Jacobson as executor of the estate of Jens Peterson, deceased.  In a decree of distribution entered by the county court of Clay County there was distributed to Dena Blake the sum of $30,691.53, the same amount to Magdalena Olson, the sum of $23,440.82 to the assignors of Joseph A. Johnson, the sum of $1,319.89 to the Bethesda Homes of the Norwegian Lutheran Church, and a like amount to the Red Cross Society of Wakonda.  These beneficiaries, with the exception of the Red Cross Society, instituted actions on the bond against the executor and his sureties and recovered judgments for the sums due them, amounting in all to $37,034.43.  M. J. Chaney, the only judgment debtor who was solvent, paid a portion of these judgments.  Magdalena Olson executed and delivered to him an instrument acknowledging receipt of payment "in full settlement and payment of the balance due" on the judgment.  The other judgment creditors executed and delivered instruments acknowledging payments and in consideration thereof releasing and satisfying the judgments insofar as "M. J. Chaney and his property are concerned."

The executor, Sam Jacobson, had on deposit the sum of $37,518.86 in the Bank of Wakonda at the time of its suspension.  M. J. Chaney asserted before the county court that he was subrogated to all of the rights of Magdalena Olson and standing in the place of this creditor was entitled to share in the distribution of dividends.  The county court disallowed the claim.  The cause was tried in the circuit

court on appeal which found that M. J. Chaney having satisfied the obligation of the executor to Magdalena Olson was entitled to be subrogated to her rights and to receive the same proportionate share of the dividend payments that otherwise would have been distributed to her, but that he must first pay in full the distributive share of the Red Cross Society. An appeal to this court from the judgment has been perfected. M. J. Chaney having died since the entry of judgment and appeal to this court, Morris A Chaney as administrator of decedent's estate has been substituted as respondent.

■■ Subrogation is "the mode which equity adopts to compel the ultimate discharge of the debt by him who, in good conscience, ought to pay it, and to relieve him whom none but the creditor could ask to pay." Western Surety Co. v. Walter, 44 S. D. 112, 182 N. W. 635, 636, 24 A.L.R. 1519; Stearns on the Law of Suretyship, 4th Ed., § 244. The right is not dependent upon an agreement, but rests upon principles of natural justice and equity. It has been held that in case judgment was entered against a principal and his sureties the payment of the judgment by a surety extinguishes it, but the majority view is that where a judgment is paid by a judgment debtor who was liable as surety and there is no intention to extinguish the judgment he will be subrogated to all the rights of the creditor under the judgment. Williams v. Riehl, 127 Cal. 365, 59 P. 762, 78 Am. St. Rep. 60; Stearns on the Law of Suretyship, 4th Ed., § 249. It plainly appears that there was no intention on the part of the surety to extinguish the judgment and respondent under the doctrine of subrogation was entitled to a pro rata division of the dividends unless the rights of appellants intervened.

■ It is insisted by appellants that respondent is not entitled to rely upon the doctrine of subrogation because the claims of creditors have not been paid in full and in support of their contention counsel cite Wieland v. Westcott et al., 64 S. D. 552, 268 N. W. 904. The surety sought to recover in that case upon an indemnity agreement with the debtor. The claims protected by the bond had not been satisfied, and

this court recognizing the familiar principle of law that the claim of the creditor must be fully satisfied before there can arise any equity of subrogation held that a surety by an indemnity agreement cannot deprive the creditor of the benefit of this rule. Payments were accepted by Magdalena Olson in full settlement and satisfaction of her judgment against the executor and his sureties. Appellants recovered judgments against the administrator and his sureties for balances due under the decree of distribution, and in consideration of payments thereafter made by the surety released him from further liability. Respondent claimed subrogation in a separate and distinct right; he does not ask to share with appellants to their prejudice in rights in which they are beneficially interested. The appellants have no claim to the distributive share of Magdalena Olson and have fully satisfied their claims against respondent. It is clear, we think, that the rule of payment of the entire claim as a condition of subrogation is not applicable and that appellants cannot object to the subrogation of the respondent to the rights of Magdalena Olson.

██ Such being the conclusion reached with reference to the right of subrogation, the question then arises as to the basis on which subrogation should have been allowed. Subject to the costs of administration and the adjustment between respondent and the Red Cross Society of Wakonda, it was decreed that each of the distributees, including the respondent, was entitled to receive such proportion of the dividends as the balance due to each of them bore to the total amount of the balances due under the decree of distribution. Appellants contend that if respondent is entitled to prevail he should receive dividends on the balance due Magdalena Olson after crediting the amounts paid by respondent to her upon the judgment. This contention is founded upon the misconception that payment by the surety extinguished the judgment to the extent of such payment. The surety having been obliged to pay was entitled to enforce every right which Magdalena Olson could have enforced so far as necessary to secure reimbursement and standing in her place was entitled to receive dividends upon

the basis of the amount due before payments were made by him upon the judgment.

It appears from the record that the executor paid a portion of the dividends to the appellants before M. J. Chaney as subrogee asserted his claim in the county court. It is not claimed that notice was given to him that these payments were to be made. The trial court found that there was a sufficient amount of dividend payments in the hands of the executor to make an adjustment. It would neither be just nor equitable to permit priority because of these payments and thus to defeat the claim of the respondent in the sums thus paid to the appellants.

The judgment appealed from is affirmed.

All the Judges concur.