NATIONAL SURETY CORPORATION *v.* EDWARDS HOUSE CO. *et al.*

(In Banc. Oct. 27, 1941.)

[4 So. (2d) 340. No. 34714.]

Butler & Snow, of Jackson, for appellant.

**Green & Green,** of Jackson, for appellees.

**McGehee, J.**, delivered the opinion of the court.

As surety on the bond of a local agent of the Farm Credit Administration, whose duty it was to receive applications for emergency crop loans and to take notes and deeds of trust to secure the same, the appellant, National Surety Corporation, reimbursed the United States Government for a sum of money which had been fraudulently obtained by him when he forged the name, "Amos Easterling," to such an application, note and deed of trust, and by means thereof received, for delivery to the supposed applicant, from the regional office of the Farm Credit Administration at Memphis, Tennessee, a check drawn by the manager of that office on the United States Treasury, payable to Amos Easterling, which the said agent endorsed in that name on the back thereof, followed by his own signature, and obtained the amount of the check in cash from the office of the appellee, Edwards House Company, at Jackson, Mississippi, where he was known to be such agent of the government, and which check was cashed by the hotel company without benefit to itself, and without knowledge of any facts which would lead it to believe that the endorsement of the payee thereon was otherwise than genuine; and which check, after having been endorsed by the said Edwards House Company, was deposited to its credit at the Jackson-State National

Bank, one of the appellees herein, which likewise endorsed the same, and thereafter collected the proceeds thereof through its correspondent banks from the United States Treasury.

This suit is brought by the said Surety Corporation, seeking to be subrogated to the alleged right of the United States to recover against the appellees as endorsers, upon the theory that they guaranteed the genuineness of the signature of Amos Easterling on the back of the check in question, whereas, it developed several months later that no one by that name had either applied for the loan or signed a note or deed of trust, or endorsed the check or received the proceeds thereof.

Whether Amos Easterling was a real or a fictitious person is not affirmatively shown by the agreed statement of facts. But assuming for the purpose of this decision that such a person existed, and that the regional office at Memphis, in issuing and mailing the check to the local agent, intended that the same should be delivered to Amos Easterling; and also assuming, but not deciding the question, that the United States would have been entitled, under the foregoing statement of facts, to recover the money received from it by the Jackson-State National Bank as proceeds of the check in question under the authority of the case of United States v. National Exchange Bank, 214 U. S. 302, 29 S. Ct. 665, 53 L. Ed. 1006, 16 Ann. Cas. 1184, we are of the opinion that the appellant, National Surety Corporation, is not entitled, under the equitable doctrine of subrogation, to recover the amount paid by it to the United States in discharge of the obligation as surety on the bond of the government agent committing the fraud, by which bond it guaranteed the faithful performance of his duties as an employee of the government; that this doctrine can never be invoked against one whose equities are equal or superior to those of the litigant seeking to be subrogated; that while the right of the surety corporation to be subrogated to the rights of the United States as against the principal on the bond is ab-

solute, on the theory that the principal is primarily liable to make good the loss which the government sustained by reason of his fraudulent conduct in the premises, such right does not exist in favor of the surety on his bond, as against the appellees as innocent endorsers of the check, who received no benefit from the transaction, when to allow such recovery would work injustice to the rights of such endorsers having equal or superior equities to those of the compensated surety, who had guaranteed the faithful performance of the duties of the person primarily responsible for the loss sustained. When it is sought to enforce the right of subrogation something more must be shown than that the defendant could have been compelled by the original creditor to pay the debt, and the right of a surety to recover from a third person does not stand on the same footing as the right to recover from the principal. It has been repeatedly held that as to the latter the right is absolute—as to the former, it is conditional on whether or not the right of the one seeking subrogation is superior to the equities of those against whom the right is sought to be enforced. The appellees, without negligence, cashed the check on which the endorsement of Amos Easterling was forged, and the circumstances surrounding the transactions involved do not give rise to any superior equities in favor of the surety company; nor can it be said that in good conscience they should be required to stand the loss, as between themselves and the surety.

The foregoing view is supported by too many judicial decisions and statements of text-writers to be collated here, but we shall refer to a few which abundantly sustain the proposition that, while the original limitation of the right of subrogation to transactions between principals and sureties no longer exists, and the doctrine as now applied is broad enough to include every instance in which one person, not acting voluntarily, pays a debt or discharges an obligation for which another is primarily liable, and which in equity and good conscience should have been discharged by the latter, the courts have de-

clined to extend the absolute right of a surety to have subrogation against the principal obligor in a bond so as to render innocent third persons liable for a loss occasioned by the fraud of the principal in which such persons did not knowingly participate, where the surety has expressly agreed to make good the loss, and has no equities superior to those against whom subrogation is sought. Northern Trust Co. v. Consol. Elevator Co., 142 Minn. 132, 171 N. W. 265, 4 A. L. R. 510; Buskirk v. State Planters' Bank & Trust Co., 113 W. Va. 764, 169 S. E. 738; Sheldon on Subrogation, sec. 4; 5 Pom. Eq. Jur. (2 Ed.), sec. 2349; 60 C. J., on Subrogation, sec. 18; Bell v. Greenwood, 229 App. Div. 550, 242 N. Y. S. 149; American Surety Co. v. Citizens' Nat. Bank of Roswell, N. M., Cir., 294 F. 609, 616; Louisville Trust Co. v. Royal Indemnity Co., 230 Ky. 482, 20 S. W. (2d) 71; American Bonding Co. v. State Savings Bank, 47 Mont. 332, 133 P. 367, 46 L. R. A. (N. S.) 557; Meyers v. Bank of America Nat. Trust & Savings Ass'n, 11 Cal. (2d) 92, 77 P. (2d) 1084; Randell v. Fellers, 218 Iowa 1005, 252 N. W. 787; Washington Mechanics' Savings Bank v. District Title Insurance Co., 62 App. D. C. 194, 65 F. (2d) 827; New York Title & Mortg. Co. v. First Nat. Bank, 8 Cir., 51 F. (2d) 485, 77 A. L. R. 1052; and United States Fidelity & Guaranty Co. v. Wooldridge, 268 U. S. 234, 45 S. Ct. 489, 69 L. Ed. 932, 40 A. L. R. 1094.

But it is argued in the instant case that appellees do not have equities equal or superior to those of the appellant under the facts of this case. In this contention we think that the appellant is in error, and that the judgment of the court below denying the relief sought should be affirmed.

Affirmed.

**Alexander, J.**, not participating.