AMERICAN SURETY COMPANY,
Appellants, v. WESTERN SURETY COMPANY, Respondent

(22 N. W.2d 429.)

(File No. 8807. Opinion filed March 28, 1946.)

**Bailey, Voorhees, Woods & Fuller** and **M. T. Woods,** all of Sioux Falls, for Appellant.

**Tom Kirby,** of Sioux Falls, for Respondent.

ROBERTS, J. Anton Braun, a resident of Dubuque county, Iowa, died testate August 19, 1928, possessed of property in Iowa and a farm in Charles Mix county, this state. His last will and testament was admitted to probate by the district court of Iowa in and for Dubuque county and on September 27, 1928, Anna M. Utt qualified and entered on her duties as executrix. On March 29, 1929, she filed in the county court of Charles Mix county a petition for the purpose of having the last will and testament of Anton Braun, deceased, probated as a foreign will and having letters testamentary issued to her. The petition was granted and for the faithful performance of her trust petitioner on April 18, 1929, furnished and filed a bond in the sum of $1,000 executed by the Western Surety Company. Thereafter the court confirmed the sale of the real estate for the sum of $8,000. On February 11, 1930, the

county court entered its decree approving and allowing the final account of her trust in this state and directed that executrix pay to Augusta Reittinger, a daughter of the deceased, a one-sixth share of the estate amounting to $1,459. On March 13, 1930, an order was entered discharging the executrix and releasing her surety from further liability. Executrix had not previous to this discharge paid the distributive share or any part thereof to Augusta Reittinger. The amounts due to other distributees were paid and receipts were obtained and filed.

On July 15, 1939, Anna M. Utt as executrix made and filed in the district court of Dubuque county a final report. In this accounting she reported that Augusta Reittinger at the time of the death of Anton Braun was of unsound mind and therein she credited herself with $1,459 as the agent of Augusta Reittinger. Helen Reittinger who had in the year 1938 been appointed guardian of the estate of her mother by the district court of Iowa in and for Delaware county filed exceptions to the allowance of the final report. Thereafter a settlement was negotiated between the guardian and the American Surety Company of New York as surety upon the bond given by Anna A. Utt as domiciliary executrix. On December 29, 1939, the district court of Delaware County entered an order authorizing the guardian to accept $2,700 in settlement and to assign to the American Surety Company "all the right and claim which her ward has against Anna M. Utt as executrix of the estate of Anton Braun, deceased, under appointment of the county court of Charles Mix county, State of South Dakota, growing out of the fact that said Anna M. Utt in closing such administrative proceeding * * * represented to said court that she had made distribution to Mrs. Reittinger in the sum of $1,459 which distribution was never made." The order recites that the amount of the distributive share of Mrs. Reittinger in this state was a part of the settlement. In compliance with such order, the guardian made an assignment. On September 14, 1940, Anna M. Utt made and filed in the district court of Dubuque county an amended and supplemental report reciting that the balance of the distributive share of Anna Reittinger had been paid to her guardian. The court made an entry ap-

proving the report and discharging the executrix. On September 25, 1940, Anna M. Utt signed a statement acknowledging that she was indebted to the American Surety Company in the sum of $4,263.75 and authorizing the clerk of the district court of Dubuque county to enter the judgment by confession in the records of the court.

The American Surety Company then instituted this action against the Western Surety Company setting forth in its complaint the execution of the bond, the failure of the executrix to pay the distributive share as directed by the county court of Charles Mix county in its decree of final distribution and the assignment to the plaintiff for valuable consideration of the claim of Augusta Reittinger in and to such distributive share. Defendant answered denying generally the allegation of the complaint, but admitting the execution of the bond as alleged in the complaint. Defendant further set up the final discharge in the probate proceedings in this state and the statute of limitations as defenses. There was a trial to the court upon the issues made by the pleadings, and upon conclusion thereof the court found for the defendant. The county court of Charles Mix county thereafter upon motion of the plaintiff herein set aside the order discharging the executrix on the ground of extrinsic fraud. Motion for a new trial was denied and plaintiff appeals.

 Where several sureties are bound for the same obligation, the surety satisfying the obligation is entitled to contribution from his cosureties. SDC 26.0210. The right of contribution arises even though for such obligation the sureties are bound by separate instruments. Broast v. Interstate Surety Co., 48 S. D. 581, 205 N. W. 717. In the instant case, it is apparent that there was no common obligation. The duties of representatives are exclusive and independent within the jurisdiction of their appointments even though the same individual is the appointed representative of an estate in two or more states. Lawton v. National Surety Co., 248 Mass. 440, 143 N. E. 333; Poole v. Garrett, 56 App. D. C. 378, 15 F.2d 892. The bond executed by the defendant surety in this state was in no sense

cumulative to the one executed by the plaintiff in the state of Iowa. There was no common liability on which contribution could be predicated.

■■ The decisive question in this case is whether plaintiff surety having made good the default of its principal is entitled to be subrogated to the rights of the guardian of the estate of Augusta Reittinger as against defendant surety. Subrogation is a creature of equity having for its purpose the working out of an equitable adjustment between the parties by securing the ultimate discharge of a debt by the person who in equity and good conscience ought to pay it. Western Surety Co. v. Walter, 44 S. D. 112, 182 N. W. 635, 24 A. L. R. 1519. Subrogation will never be enforced where the equities are equal or the rights not clear. In Northern Trust Co. v. Consolidated Elevator Co., 142 Minn. 132, 171 N. W. 265, 268, 4 A. L. R. 510, a surety having made good the default of its principal sought under the doctrine of subrogation to hold third persons. There the court said: "When it is sought to enforce the right, something more must be shown than that defendant could have been compelled by the original creditor to pay the debt. * *˅* The right to recover from a third person does not stand on the same footing as the right to recover from the principal. As to the latter, the right is absolute—as to the former, it is conditional." Likewise, in the case of Fidelity & Deposit Co. v. Bowen, 123 Iowa 356, 98 N. W. 897, 898, 6 L. R. A., N. S., 1021, the supreme court of Iowa said: "That the surety on one bond has paid the debt does not alone entitle him to step into the creditor's shoes and recover what he has expended from the bondsmen on another obligation. To entitle him to do so, his equities must appear to be superior to those of the sureties on the other bond. If the execution of one bond has worked no detriment to the sureties on another, and all are alike obligated to pay precisely the same debt, there is no basis for the subrogation of any of the creditor's rights against others." And to like effect is the case of Western Surety Co. v. Walters, supra [44 S. D. 112, 182 N. W. 636]. The surety on the bond of a county treasurer was held not entitled to subrogation to the rights of the county against persons who executed a

note to the county as security for the loss it had suffered through the defalcation. The note was assigned to the surety after part payment thereof to the county. This court said: "There is absolutely no equitable ground upon which it can be urged that defendants should pay this claim. They did not give their note for the benefit of appellant, but merely to indemnify the county against any loss from a defalcation that had already occurred, and for which the county had a right of recovery against the defaulter's estate and against appellant."

See, also, in this connection, National Surety Corp. v. Edwards House Co., 191 Miss. 884, 885, 4 So. 2d 340, 137 A. L. R. 697; Meyers v. Bank of America Nat. Trust & Savings Ass'n, 11 Cal. 2d 92, 77 P.2d 1084; American Bonding Co. v. State Savings Bank, 47 Mont. 332, 133 P. 367, 46 L. R. A., N. S., 557; New York Title & Mortgage Co. v. First Nat. Bank, 8 Cir., 51 F.2d 485, 77 A. L. R. 1052; 50 Am. Jur., Subrogation § 53.

██ Under the rules stated something more must be shown than that plaintiff discharged the liability in question for which defendant was also liable. Subrogation is dependent upon a superiority of equities as distinguished from mere equality of equities. To entitle plaintiff to subrogation, it must appear that its equities are superior to those of the defendant. We think that there is no basis in the record for so holding.

█ We can see no substantial difference in the factual situation in this case in so far as it relates to the assignment of the claim by the creditor and that set out in Western Surety Co. v. Walters, supra. After the county had recovered against the surety in that case for the defalcation of the county treasurer, the surety took an assignment of the note given to the county as security for the loss and sought recovery on the note. The conclusion in the Walters case is determinative that the assignment did not add anything to the surety's right of action. This is in full accord with the rule stated in 60 C. J. 749: "It seems that, if the surety is not entitled to subrogation, an assignment by the creditor will be ineffectual to give the surety a right of subrogation

he did not otherwise have." Meyers v. Bank of America Nat. Trust & Sav. Ass'n, supra, is a case of like import. The court therein said [11 Cal. 2d 92, 77 P.2d 1086]: "Where by the application of equitable principles, a surety has been found not to be entitled to subrogation, an assignment will not confer upon him the right to be so substituted in an action at law upon the assignment. His rights must be measured by the application of equitable principles in the first instance, his recovery being dependable upon a right in equity, and not by virtue of an asserted legal right under an assignment."

The judgment appealed from is affirmed.

All the Judges concur.

CASH, Circuit Judge, sitting for POLLEY, J.