Argued December 8, 1977, affirmed March 21, 1978

JACKSON, *Appellant,*
*and*
JACKSON, *Respondent.*
(TC 76-5573, SC 25401)
576 P2d 12

Tim J. Helfrich, of Sahlstrom & Lombard, Eugene, argued the cause and filed a brief for appellant.

Scott M. Galenbeck, of Lively & Wiswall, Springfield, argued the cause and filed a brief for respondent.

Before Denecke, Chief Justice, Holman and Howell, Justices, and Richardson, Justice Pro Tempore.

HOLMAN, J.

## HOLMAN, J.

This is a declaratory judgment proceeding brought to determine the ownership of an income tax refund from the federal government. Plaintiff appeals from a decree adjudicating that defendant is the sole owner and directing that plaintiff endorse the refund check for the benefit of defendant.

Plaintiff, as wife, and defendant, as husband, were divorced August 26, 1974. The decree dissolving the marriage divided the property in accordance with an agreement of the parties and awarded to the husband all interest in the Commercial Tile Company, a partnership composed of the husband and his brother, except for an interest in a tract of land which was being purchased on contract by the partnership. Wife was to have one-half of the husband's share of the partnership profit on resale of that land after the recovery of its cost.

In 1975, after the divorce, the partnership disposed of the land by transferring its interest back to the sellers in consideration of the cancellation of the remaining contract balance on the purchase price. There is no contention that this was not a bona fide transaction. As a result, the partnership suffered a loss of all money invested in the purchase. Under federal income tax law each partner thereby had a loss carryback which could be asserted for the year 1972, during which year plaintiff and defendant, as wife and husband, had filed a joint income tax return. However, the loss could only be applied against defendant's earnings for that year. As a result of the loss carryback, defendant applied for a refund for the year 1972 which was granted in a sum slightly in excess of $6,000 and which is the subject of this dispute.

■ Plaintiff first contends the trial court erred in granting defendant any affirmative relief because he had not prayed for any. The quick answer to this contention is that plaintiff herself prayed that, among other things, "a declaratory judgment be rendered

[ 577 ]

declaring and adjudicating the respective rights and interests of the Plaintiff and Defendant to the income tax refunds * * *," and the court did just that.

■ Plaintiff next contends that the court erred in not declaring that she has a one-half interest in the refund. She asserts that the refund is an unanticipated marital asset and that an award of all of it to defendant would distort the equality tenor of the agreed-upon property disposition because (1) the taxes paid in 1972, which were refunded, reduced the amount of property available to be divided in the 1974 divorce; (2) there was no out-of-pocket loss by defendant in 1975; (3) plaintiff was responsible for any tax deficiency for the year 1972 had such deficiency occurred; and (4) although she did not contribute many earnings, she contributed valuable assistance, as any wife does, to the financial achievement of the marriage.

It is our conclusion that the division made by the trial court was proper. The loss and resultant refund arose out of a transaction concerning that portion of the family property awarded to defendant. The settlement of the parties limited plaintiff's interest in the particular piece of real property to the profits after defendant recovered his investment. He did not recover his investment but, instead, he lost many thousands of dollars except for a small portion salvaged through a tax refund. A weighing of the equities preponderates in favor of a disposition as made by the trial court.

The decree of the trial court is affirmed.