Terrence **BERENDES,** a/k/a Terry Berendes, Plaintiff and Appellant,

v.

Evelyn **BERENDES,** Defendant and Appellee.

No. 14771.

Supreme Court of South Dakota.

Considered on Briefs Sept. 12, 1985.

Decided April 9, 1986.

Wally Eklund, of Johnson, Eklund & Davis, Gregory, for plaintiff and appellant.

Dudley Herman, of Herman & Wernke, Gregory, for defendant and appellee.

MORGAN, Justice.

Terrence Berendes (Terry) appeals from a portion of a judgment rendered by the trial court awarding him a deed to certain property in Dallas, South Dakota. In its judgment, the trial court ordered him to reimburse the defendant Evelyn Berendes (Evelyn) (Terry's stepmother) for taxes she erroneously paid on the property awarded to Terry. It is this portion of the judgment which Terry appeals. We affirm.

In 1972, Kenneth Berendes (Kenneth) executed his last will and testament. In this will, Kenneth left all of his property to Terry, his son, and Evelyn, his wife. For purposes of this lawsuit, only Paragraph Three of the will is pertinent. It reads:

> Third, if, upon my death, I am still owning the business which I have operated called the Sportman Bar and Supper Club (sic) at Dallas, South Dakota, it is then my desire that my wife, Evelyn, and my son, Terry, shall each be given the option to purchase the business as follows: If either Evelyn or Terry should desire to purchase the business, along with its license, merchandise, inventory and the property it is situated upon, then the one desiring to purchase the same shall pay through my estate to the other the sum of $25,000.00. The one desiring to purchase this business shall notify my executor within 90 days after my death that he or she desires to exercise the option. Thereafter, the one purchasing the business shall have a period of five years within to pay the $25,000.00 to the non-purchasing party. Said payments shall be made at the rate of $5,000.00 per year, and shall draw interest at 6%. The first payment shall be due within thirty days after the settlement of my estate, and then made yearly thereafter on the same date.

Four days after Kenneth died, Terry and Evelyn entered into a settlement agreement concerning the Sportsman Bar and Supper Club. In the agreement, Evelyn accepted $25,000 over a five-year period in full settlement of any claim or interest or interest which she might have in the Club, including its liquor license, merchandise, inventory, fixtures, personalty and the property upon which it is situated. Paragraph C of the agreement read: "That for such payment, it is understood that Terry Berendes will acquire all of the real property being used for the operation of the Sportsman Bar and Supper Club and its sewer." The sewer of the Club was a cesspool located on Lots M & N in Dallas, South Dakota. These lots were owned in joint tenancy by Kenneth and Evelyn.

In the final decree of distribution of Kenneth's estate, the court ordered this joint tenancy terminated, and ordered Lots M & N conveyed to Terry upon full payment of the option price, pursuant to the settlement agreement. This decree was not appealed by either party.

In July of 1977, Terry leased the Club to his uncle, Glenn Berendes with an option to purchase. Sometime later, another party acquired an interest in the Club, which was subsequently extinguished by a foreclosure action instituted by Terry and Glenn.

Testimony shows that Evelyn paid taxes on this property under the mistaken belief that she had an obligation to do so. The property was listed for tax purposes under

Kenneth's name, and Evelyn testified that she felt obligated to pay these taxes.

At trial, counsel for Evelyn moved the court to allow an amendment to her answer, specifically asking for reimbursement of these taxes should the court order specific performance. The court denied this motion. After trial, however, the court ordered specific performance and under its inherent equitable powers, ordered reimbursement of the taxes in the amount of $5,810.11. The court, in its memorandum decision, relied upon the equitable doctrine of subrogation in awarding Evelyn reimbursement for taxes paid.

Terry argues application of the doctrine is erroneous in that 1) the equities of the parties are not clear, and 2) exercise of the doctrine will not achieve the ultimate discharge of a debt by the persons who in equity ought to pay it.

■ The findings of the trial court will not be disturbed on appeal unless they are clearly erroneous. SDCL 15–6–52(a); *Wiggins v. Shewmake*, 374 N.W.2d 111 (S.D. 1985); *Jankord v. Jankord*, 368 N.W.2d 571 (S.D.1985). We also note that the equitable remedy of specific performance is addressed to the sound discretion of the trial court. *Wiggins, supra; Estate of Gosmire*, 331 N.W.2d 562 (S.D.1983). As we noted in *Wiggins*, a court sitting in equity may award pecuniary compensation when the decree of specific performance does not provide full and complete relief.

■ Subrogation is a creature of equity which the court may invoke when it is shown that one party discharged a liability for which the other party was also liable. *American Surety Co. v. Western Surety Co.*, 71 S.D. 126, 22 N.W.2d 429 (1946). "[I]ts purpose [is] the working out of an equitable adjustment between the parties by securing the ultimate discharge of a debt by the person who in equity and good conscience ought to pay it." *Id.*, 71 S.D. at 130, 22 N.W.2d at 431.

■ Terry argues that imposing the taxes on him would not secure the "ultimate discharge" of the debt, since subsequent interest holders in the Club hereinabove noted should be liable for the taxes. We hold, however, that under the agreement with Evelyn, Terry assumed responsibility for all taxes and therefore, as between Terry and Evelyn, he was the party who in equity and good conscience ought to pay the tax debt. The "ultimate discharge" language in *American Surety, supra*, refers to the debt between the parties, not the imposition of a debt arising by the subsequent actions of some third person not in privity with both parties.

■ The only remaining question is whether Evelyn paid the taxes as a volunteer. *See generally* 73 Am.Jur.2d *Subrogation* § 23 (1974). The trial court specifically found that Evelyn was not a volunteer, but believed she had an obligation to pay the taxes. Under the modern liberal trend, the existence of a supposed obligation is enough to allow subrogation, especially in light of the flexibility of the doctrine. 73 Am.Jur.2d *Subrogation* § 6 (1974).

We affirm the judgment.

FOSHEIM, C.J., HENDERSON and WUEST, JJ., and HERTZ, Circuit Judge, acting as a Supreme Court Justice, concur.

SABERS, J., not having been a member of the Court at the time this action was submitted to the Court, did not participate.