[Civ. No. 11088. First Appellate District, Division One.—March 13, 1940.]

THE FIDELITY & CASUALTY COMPANY OF NEW YORK (a Corporation), Appellant, v. FIREMAN'S FUND INDEMNITY COMPANY (a Corporation), Respondent.

Hadsell, Sweet, Ingalls & Lamb for Appellant.

Bronson, Bronson & McKinnon for Respondent.

(1)

PETERS, P. J.—This is an action between two insurance companies, both of which had issued policies covering the liability of the Union Paving Company, for personal injuries suffered by one J. F. Gallagher when his automobile was struck by a truck owned by the insured and operated by one of its employees. It is conceded that the accident occurred as the result of the negligence of the truck driver, and because the truck was equipped with faulty brakes. The policy of the plaintiff, The Fidelity & Casualty Company of New York, covered liability growing out of the use and operation of the insured's motor vehicles while the insured was engaged in performing a specified contract for the State of Nevada. The policy of defendant, Fireman's Fund Indemnity Company, covered liability of the insured growing out of injuries occurring on the premises of the insured. The particular injury here involved occurred on the premises of the Paving Company. After the accident the plaintiff negotiated a settlement with Gallagher for the sum of $8,100. Thereupon, claiming that it had paid the full $8,100 to Gallagher, plaintiff commenced this action against defendant to recover from it a proportionate part of the settlement. From a judgment for defendant that plaintiff take nothing, this appeal is prosecuted.

The facts giving rise to this controversy, so far as necessary to dispose of this appeal, are as follows:

Plaintiff issued its policy to the Union Paving Company covering a one-year period starting March 15, 1935. Defendant issued its one-year policy to the same company April 11, 1935. Each policy not only covered liability of the insured, but contained the usual clauses requiring the insurer to investigate accidents, conduct negotiations for settlements and to defend suits at its own expense. Each policy also contained the usual provisions requiring the insured to give the insurer prompt written notice of any accident, and prompt notice of any claim made on account of such accident, and requiring the insured to immediately forward to the insurer every summons or other process served upon him. Each policy also contained a coinsurance clause. The clause contained in the Fireman's Fund policy reads as follows: "If the Assured carries a policy of another insurer against any loss covered by this policy, the Assured shall not be entitled to recover from the Company a larger proportion of the en-

tire loss than the amount hereby insured bears to the total amount of valid and collectible insurance."

The comparable clause in the Fidelity policy reads as follows: "If the Insured carries insurance other than the insurance under this policy against a loss covered by this policy, the Insured shall not be entitled to recover from the Company a larger fractional part of the entire loss than that indicated by the ratio of the amount of this policy to the total amount of his valid and collectible insurance against such loss."

The accident in which Gallagher was injured occurred June 4, 1935, in Nevada. The insured promptly notified plaintiff but did not notify defendant. Gallagher filed suit against the Paving Company in Nevada on July 1, 1935. The Paving Company immediately sent the complaint and summons to plaintiff. The plaintiff investigated the accident and carried on negotiations with Gallagher looking towards a settlement of his claim. The defendant had no notice or knowledge of the accident, claim, or suit until August 1, 1936, some fourteen months after the accident. On that date it received a letter from plaintiff informing defendant of the accident and also stating that plaintiff believed defendant was also liable on the risk. Also, early in August, 1936, the Paving Company wrote to defendant informing defendant of the accident, and also stating that the letter was being sent at the request of plaintiff. On August 24, 1936, after several conferences with plaintiff's representatives, defendant orally advised plaintiff that it was denying liability under its policy because of the delayed notice to it and on other grounds.

Fidelity continued its negotiations with Gallagher looking toward a settlement. Fireman's Fund refused to participate. On October 29, 1936, after a conference with plaintiff, defendant wrote to plaintiff and to its insured, the Paving Company, agreeing that any settlement made by Fidelity would not prejudice any right Fidelity might have against Fireman's Fund as coinsurer, but reserving to defendant its right to deny liability under its policy. On November 5, 1936, Fidelity settled Gallagher's claim for $8,100. Plaintiff, however, did not pay all of this sum directly to Gallagher. It first entered into a written agreement with the Paving Company, which recites the pertinent facts, and then states that

plaintiff is willing and agrees to pay one-half of the settlement and will "lend" to the Paving Company the other one-half. This "loan", it was agreed, should be repaid to plaintiff "by the amount recovered, if any" by plaintiff or the Paving Company from defendant, but if no recovery is made then the "loan" was to be canceled. Acting pursuant to this agreement, plaintiff paid $4,050 to Gallagher, and advanced $4,050 to the Paving Company. That company then paid Gallagher the balance of the settlement, that is, $4,050.

On this evidence, by proper findings, the trial court decided in favor of defendant on three separate theories. It first held that, in view of the *pro rata* clause contained in the two policies, each company was liable for only one-half the liability of the Paving Company; that under such circumstances when the plaintiff paid more than its *pro rata* share, under well-settled principles, no right of contribution existed as against defendant.

In the second place, it held that defendant is not liable because the insured breached the notice and cooperation provisions of the policy issued by defendant, and that defendant did not waive such violations.

In the third place, it found that plaintiff cannot recover from defendant, even if a right of contribution did exist, because the evidence shows that plaintiff only paid $4,050, the amount for which it was admittedly liable, and did not pay to Gallagher the other $4,050; that the transaction between the Paving Company and the plaintiff did not constitute a payment to Gallagher but was a loan to the Paving Company.

Obviously, if any one of these three theories is sound, the judgment must be affirmed. Because of our conclusion that no right of contribution exists under the facts here presented, it will not be necessary to discuss the other two theories found by the trial court.

It is appellant's theory that plaintiff and defendant insured the same risk, and were, in legal effect, cosureties as to that risk, and that, as between cosureties, the right of contribution exists. ■ The authorities hold that, where two or more insurance companies fully insure the same risk and one company pays the total loss, that company may force contribution from the others. (*Sutton* v. *Franklin Fire Ins. Co.,* 209 N. C. 826 [184 S. E. 821]; *Commercial Casualty Ins. Co.* v.

*Knutsen Motor T. Co.*, 36 Ohio App. 241 [173 N. E. 241].) This is a sound rule. Appellant concedes, however, that all of the cases heretofore decided, including one case from California, hold that where both policies contain a *pro rata* or coinsurer clause, the insurers are to be deemed coinsurers and not cosureties, and neither can recover from the other any amount that it may have paid in excess of its *pro rata* share of the entire loss sustained by the assured. This principle is clearly stated in 14 California Jurisprudence, page 594, section 128, as follows: "Where each of several policies insuring a piece of property contains a provision limiting the liability of each company to its proportion of the loss, each company is liable directly to the insured for such proportion; and the payment by one of a larger amount in no way affects the liability of the others and gives the one so paying no right to recover the excess paid from the other insurers."

In *Fireman's etc. Co.* v. *Palatine Ins. Co.*, 150 Cal. 252, the court, referring to the above rule, stated (p. 256) [88 Pac. 907]: "It is well settled that there is no right of contribution among insurers whose policies contain such a clause." The following cases state the same rule: *Globe Nat. Fire Ins. Co.* v. *American Bonding & Casualty Co.*, 205 Iowa, 1085 [217 N. W. 268, 56 A. L. R. 463]; *Hanover Fire Ins. Co.* v. *Brown*, 77 Md. 64 [25 Atl. 989, affirmed in 27 Atl. 314, 3 Am. St. Rep. 386]; *Rochester German Ins. Co.* v. *Schmidt*, 175 Fed. 720; *Southern Surety Co.* v. *Commercial Casualty Ins. Co.*, 31 Fed. (2d) 817; *American Casualty Co.* v. *Maryland Casualty Co.*, 20 Fed. Supp. 561. The reason behind this rule is clearly stated in the Hanover Fire Ins. Co. case, *supra*. In that case the court first pointed out that if each insurer there involved had bound itself to pay the entire loss, then if one of them paid the entire loss it would have a right of contribution against the others, because such company would then have paid a debt which was equally and concurrently due by the others. As all were equally bound, all should contribute to the payment. But this rule, states the court, has no application where the policies contain *pro rata* clauses. The court discusses this phase of the problem as follows (25 Atl., at p. 991): "But in the different policies concerned in this case there is no concurrent liability. Each insurer, by the distinct terms of his contract, makes himself liable for a certain and definite fractional part of the loss, to be calculated in the

manner stipulated in the policies. In this case the defendant contracts to pay the proportion of the loss which the amount insured by it bears to the whole sum insured on the property in all the policies, and it is stated in the evidence that the other policies had substantially the same stipulation. The contracts are entirely separate and independent of each other. Each insurer binds himself to pay his own proportion of the loss, without any reference to what may be paid by the others. If they pay more or less than they are bound to pay, or if they do not pay anything, it in no manner concerns him. If in this case the other insurance companies had paid the whole loss, they would have had no right of contribution from the defendant, and neither would such payment have discharged any portion of the defendant's liability to the insured.''

These cases establish that in the event of double insurance, since each company insures for the full amount, if one pays the full loss it may force contribution from the other. But coinsurance is *pro rata* insurance and neither company can be required to pay more than its share. If it does, the excess payment is purely voluntary, and contribution cannot be claimed from the other.

Appellant does not challenge the well-settled rule stated by these cases, but points out that, with the exception of the case in 20 Fed. Supp., *supra,* none of them deals with public liability policies, but all deal with fire insurance or deposit insurance policies. It is contended that in such cases the amount of loss is fixed or is capable of exact determination, whereas in public liability cases the amount of liability cannot be known until fixed by a court or by a compromise, and, in fact, the question of whether there is any liability cannot be fixed except in the same fashion. Appellant states ''that coinsurance clauses are only applicable where an insured has sustained a loss and where no other obligation is left upon the coinsurers with respect thereto than to pay the amount of the loss.'' It is appellant's theory that, if the Paving Company had been forced to pay Gallagher the $8,100, then that company would have suffered a ''loss'', as that term is used in the coinsurance clauses quoted, *supra,* and could only recover one-half from each of the insurance companies, and, if one voluntarily paid more than its share, no right of contribution would exist, but, it contends here, the insured, Paving

Company, did not incur a *loss* but only an unliquidated *liability;* that the term "liability" is not included within the term "loss" as used in the policies; that the insured was not compensated for a loss, but a claimant against the insured was so compensated; that the duty of both insurance companies was to protect the insured against the unliquidated liability; that in such a case the *pro rata* clause can have no application. Appellant concedes that the American Casualty Co. case in 20 Fed. Supp. 561, applied the rule of the fire and deposit insurance cases to public liability insurance, but points out that in that case the claim of the insured against his two insurance carriers had been reduced to judgment. Appellant also points out various difficulties that may arise if it be held that no right of contribution exists.

We are not convinced of the merits of appellant's contentions. As already indicated, these *pro rata* clauses have a well-settled meaning, a meaning that has never been departed from in any case heretofore decided. The term "loss" as used in the coinsurance clauses here in question, and in other places in the same policies, obviously was used in its broad sense. To give the interpretation to this clause suggested by appellant would be to render the coinsurance clause practically meaningless. It must be held that, when appellant issued its policy to the Paving Company containing the clause in question, a clause which had uniformly been interpreted in other types of policies to deny the right of contribution, it intended this same legal effect should flow from the use of this clause in its policy. If a different intent existed it would have been a simple matter to have used appropriate language to express that intent.

In view of this conclusion the other two theories upon which respondent relies to sustain the judgment need not be considered.

The judgment appealed from is affirmed.

Knight, J., and Ward, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on May 6, 1940.