19 N.J. Super. 445 (1952)
88 A.2d 680
NEW JERSEY ASPHALT AND PAVING CO., INC., ET AL., PLAINTIFFS,
v.
MUTUAL BOILER INSURANCE CO. OF BOSTON, A MASSACHUSETTS CORPORATION AUTHORIZED TO DO BUSINESS IN NEW JERSEY, DEFENDANT.
Superior Court of New Jersey, Law Division.
Decided May 12, 1952.
*447 Mr. Raymond L. Cunneen, attorney for plaintiff.
Messrs. Cox & Walburg (Mr. Harry E. Walburg, of counsel), attorneys for defendant.
PROCTOR, J.S.C.
This case has been submitted to the court on a stipulation of facts.
The sole issue is whether or not the defendant Mutual Boiler Insurance Company is liable for a proportionate share of a judgment in the amount of $8,578.16 for personal injuries caused by a boiler explosion. The judgment was satisfied by plaintiff Continental Casualty Company on behalf of its insured, New Jersey Asphalt and Paving Co., by payment to the injured person.
The determination of the controversy depends upon the interpretation of the relevant provisions of two insurance policies issued to the New Jersey Asphalt and Paving Co. by the parties to this action.
The plaintiff's policy, in the amount of $50,000, insured against liability for bodily injury and provided for apportioning or prorating any loss sustained if the insured has other "valid and collectible insurance against such loss."
The defendant's policy, in the amount of $25,000, insured the Paving Company against liability for certain items of damage including (1) property damage, (2) expenses for temporary repair, (3) damage to property of others, (4) death or bodily injuries, (5) damage caused by strikes, riots, etc. The defendant's policy also provides "if there shall be other similar insurance on the property insured," the liability of defendant is limited to a prorated share of any loss.
Item D of clause I of defendant's policy covers liability for death or bodily injuries. This liability is described as *448 including loss of services, immediate surgical relief, defense against any suit for such liability. It excludes liability under the Workmen's Compensation Act, R.S. 34:15-1 et seq., N.J.S.A. It further contains the following limitation: "provided, if the Insured shall have other insurance applicable to bodily injuries or loss of life, then the liability of the Company under this policy shall be only in excess of such other insurance, and not contributory, and will become effective only after such other insurance shall have been exhausted."
The plaintiff contends that the proration clause and the excess clause in defendant's policy are inconsistent and create an ambiguity which should be construed in favor of the insured to whose rights the plaintiff has been subrogated. Lower v. Metropolitan Life Ins. Co., 111 N.J.L. 426, 427 (E. & A. 1933); Korfin v. Continental Casualty Co., 5 N.J. 154 (1950).
The applicable rule in interpreting written agreements was stated by Justice Heher in Mantell v. International Plastic Harmonica Corp., 141 N.J. Eq. 379, 386 (E. & A. 1947) as follows:
"The general purpose of the agreement is to be considered in ascertaining the sense of particular terms. The design of the parties to a written contract is to be collected from the instrument as an entirety. And the writing is to have a reasonable construction. Disproportionate emphasis upon a single provision does not serve the purpose of interpretation. Words, phrases and clauses are not to be isolated but related to the context and the contractual scheme as a whole, and given the meaning that comports with the probable intention. The literal sense of the terms may be qualified by the context. The significance of a particular part of the writing is determined by a consideration of all its parts. It is the revealed intention that is to be effectuated."
Applying the above rule of interpretation, the court finds no inconsistency or ambiguity in the questioned policy provisions. The proration clause in defendant's policy was clearly intended to apply to such items of coverage for which no other provision was specifically made. Here item D of *449 clause I was included in the terms of defendant's policy to cover liability for bodily injuries. Where there is a repugnancy between the general clauses and specific ones, the latter will govern. Bullowa v. Thermoid Co., 114 N.J.L. 205, 210 (E. & A. 1935).
The payment made by Continental, being well within its coverage, under item D of defendant's policy the "other insurance" had not been "exhausted." In the absence of an "excess" for which defendant Mutual could be held liable under this specific clause of its policy, there was no "valid and collectible insurance" within the proration clause of plaintiff Continental's policy, since excess insurance is not valid and collectible until the other insurance has been exhausted. See Zurich General Accident and Liability Insurance Co. v. Clamor, 124 F.2d 717 (C.C.A. 7 1947); Norris v. Pacific Indemnity Co., 237 P.2d 666 (Cal. Dist. Ct. App. 1951). See also American Surety Co. of N.Y. v. American Indemnity Co., 8 N.J. Super. 343 (Ch. Div. 1950).
Judgment for defendant.