AMERICAN RELIABLE INSURANCE COMPANY,

Respondent v. ST. PAUL FIRE & MARINE INSURANCE

COMPANY, Appellant

(110 N.W.2d 344)

(File No. 9912. Opinion filed September 1, 1961)

**Davenport, Evans, Hurwitz & Smith,** Sioux Falls, for Defendant and Appellant.

**Vail & Swanson,** Sioux Falls, for Plaintiff and Respondent.

ROBERTS, J. Plaintiff American Reliable Insurance Company seeks contribution from defendant St. Paul Fire & Marine Insurance Company on account of settlement of a loss for which plaintiff claims both insurers were liable. The policy issued by each of these companies contained a pro rata liability clause. The case was submitted upon an agreed statement of facts. The decision below went for the plaintiff. Defendant appeals.

Plaintiff company insured William F. Stake, Lennox, South Dakota, against loss by fire of a mobile home described therein as a "1956 Northland" and its contents. The properties covered by this policy were damaged by fire. Plaintiff negotiated a settlement with insured adjusting loss to the mobile home at $4,000 and its contents at $3,197.-49. Defendant claimed that the damaged mobile home was not covered by its policy and that it was not liable for a proportionate share of the loss thereto, but expended the sum of $981.75 to payment of the claim for loss of personal prop-

erty. Plaintiff paid the balance of the settlement amounting to $6,215.74.

The policy of fire insurance issued by defendant company to William F. and Dorothy Stake insured property on a tract described as "Outlot 45, Lennox, South Dakota". The policy included the following coverages: "A. Dwelling" in the amount of $30,000, "B. Appurtenant Private Structures" in the amount of $3,000, and "C. Personal Property" in the amount of $15,000. The policy specifies the property and interests within these coverages as follows:

"Coverage A—Dwelling: Dwelling building described in the declarations, including its additions and extensions, building equipment, fixtures and outdoor equipment pertaining to the service of the premises (if the property of the owner of the dwelling), while located on the premises of the described dwelling or temporarily elsewhere * * *.

"Coverage B—Private Structures: Private structures other than the described dwelling located on and appertaining to premises of the described dwelling but wholly detached from such dwelling * * * This coverage excludes any structure used for mercantile, manufacturing or farming purposes and any structure wholly rented or leased or held for rental or lease other than a private garage.

"Coverage C—Personal Property: All personal property owned, worn or used by the named Insured and members of the named Insured's family of the same household, while in all situations anywhere in the world. This coverage excludes * * * property which is separately described and enumerated and specifically insured in whole or in part by any other insurance; * * * This insurance shall in no wise inure directly or indirectly to the benefit of any carrier or other bailee."

The tract described as "Outlot 45" on which the insured dwelling is situate contains approximately five acres.

On this tract a few feet from the dwelling was the mobile home at the time of the fire. There were no other buildings or shelters of any kind on the tract. The mobile home was moved to this site from a trailer park in Lennox three days prior to the fire. There were no connections with the water and sewer lines available on the tract, but there was an extension cord to the dwelling to supply electric current for light and operation of the heating plant in the mobile home. At this location, the mobile home was used for no other purpose than the storing of the personal property. It appears that insured had agreed upon a sale of the mobile home and delivery to the purchaser was to be made when Insured's belongings therein had been removed to the recently constructed dwelling.

The trial court concluded that the damaged mobile home was a "structure * * * located on and appertaining to premises" of the insured dwelling and that the items of personal property therein were also covered by defendant's policy. The court determined the proportionate liability and entered judgment against the defendant.

Defendant contends (1) that when plaintiff paid more than its pro rata share the excess payment was voluntary and no right of contribution exists and (2) that plaintiff could not, even in the absence of the pro rata clauses, recover for the reason that the damaged properties were not within the coverage of defendant's policy.

■ The standard form of fire insurance policy as required by statute, SDC 1960 Supp. 31.2401, contains the following clause: "Pro rata liability. This Company shall not be liable for a greater proportion of any loss than the amount hereby insured shall bear to the whole insurance covering the property against the peril involved, whether collectible or not." In the case of Kisow v. National Liberty Ins. Co. of America, 220 Wis. 586, 265 N.W. 569, 571, considering a statute containing this language the court said: "The plain purposes of the pro rata clause are to relieve a company from the burden or necessity

of litigating with the insured questions as to the validity or invalidity of other policies covering the property, Liverpool, L. & G. Ins. Co. v. Verdier (35 Mich. 395), supra, and to guard against the possibility of any apparent motive or inducement on the part of the insured to commit fraud." Where there is more than one policy fully insuring the same risk, each insurer by the language of such a pro rata clause binds itself to pay to the insured his own proportionate share. Globe Nat. Fire Ins. Co. v. American Bonding & Casualty Co., 205 Iowa 1085, 217 N.W. 268, 56 A.L.R. 463; Incorporated Village of Enosburg Falls v. Hartford Steam B. I. & I. Co. 117 Vt. 114, 85 A.2d 577; 46 C.J.S. Insurance § 1207.

■ ■ It appears well settled that there is no right of contribution among insurers whose policies as in the instant case contain pro rata clauses limiting liability. The principles involved are thus stated in 29A Am.Jur., Insurance, § 1717: "If several insurers bind themselves to pay the entire loss in case of the destruction of the subject of the insurance, and one insurer pays the whole loss, the one so paying has a right of action against his coinsurers for a ratable proportion of the amount paid by him, because he has paid a debt which is equally and concurrently due by the other insurers. The purpose of this rule is to equalize the common burden by allowing reimbursement to the insurer paying the loss, for the excess paid over its share of the debt. But if each of several insurers contracts to pay such proportion of the loss to result from the destruction of the insured premises as the amount insured by such insurer bears to the whole insurance effected on the property, none of them has any right to contribution from the others, nor will the payment of the whole loss by any of them discharge the liability of the others, for in such a case the contracts are independent of each other; nor will the payment by one insurer of more than his share of a loss, and his assignment of his right to contribution, create any cause of action in favor of his assignee." See also in this connection Western

Surety Co. v. Walter, 44 S.D. 112, 182 N.W. 635, 24 A.L.R. 1519 and American Surety Co. v. Western Surety Co., 71 S.D. 126, 22 N.W.2d 429.

In Hanover Fire Ins. Co. of City of N. Y. v. Brown, 77 Md. 64, 25 A. 989, 991, 27 A. 314, 39 Am.St.Rep. 386, the court first points out that in case of concurrent insurance an insurer paying more than its share of the loss for which all insurers are liable, may compel contribution. The reason for a different rule in case of pro rata or coinsurance is thus stated: "But in the different policies concerned in this case there is no concurrent liability. Each insurer, by the distinct terms of his contract, makes himself liable for a certain and definite fractional part of the loss, to be calculated in the manner stipulated in the policies. In this case the defendant contracts to pay the proportion of the loss which the amount insured by it bears to the whole sum insured on the property in all the policies; and it is stated in the evidence that the other policies had substantially the same stipulation. The contracts are entirely separate and independent of each other. Each insurer binds himself to pay his own proportion of the loss, without any reference to what may be paid by the others. If they pay more or less than they are bound to pay, or if they do not pay any thing, it in no manner concerns him. If in this case the other insurance companies had paid the whole loss, they would have had no right of contribution from the defendant, and neither would such payment have discharged any portion of the defendant's liability to the insured."

In our opinion, the excess payment by plaintiff was in legal effect voluntary and contribution cannot be claimed. See in support of this conclusion: Globe National Fire Ins. Co. v. American Bonding & Casualty Co., supra; Fidelity & Casualty Co. of N.Y. v. Firemen's Fund Indemnity Co., 38 Cal.App.2d 1, 100 P.2d 364; Farm Bureau Mut. Auto Ins. Co. v. Buckeye Union Cas. Co., 147 Ohio St. 79, 67 N.E.2d 906; New Jersey Asphalt & Pav. Co. v. Mutual Boiler Ins. Co., 19 N.J.Super. 445, 88 A.2d 680; Rallis v.

Connecticut Fire Ins. Co., 46 N.M. 77, 120 P.2d 736; 13 Am.Jur., Contribution, § 13.

The meager facts appearing in the stipulation as to a payment made by defendant are that both companies "contributed to the loss sustained as a result of damage to the goods listed on Exhibit 4, the Plaintiff having expended the sum of $2,215.74 and the Defendant having expended the sum of $981.75." It does not appear that this payment by defendant company was made pursuant to an independent agreement between the insuring companies with respect to adjusting and apportioning the loss. See Fireman's Fund Ins. Co. v. Palatine Ins. Co., 150 Cal. 252, 88 P. 907. Plaintiff does not claim that there was such an agreement upon which it was entitled to rely and upon which an action might be brought for contribution.

■ Counsel for plaintiff urge in their brief that the question whether or not plaintiff making payment beyond its obligation was a mere volunteer was not submitted to the trial court and is not now before us on appeal. In order for plaintiff to prevail it must establish liability on the part of the defendant. Neither the complaint nor the agreed statement of facts sets forth a basis of recovery. Defendant in its answer alleged that the complaint failed to state a claim upon which relief could be granted and proposed a conclusion of law that it was entitled to judgment dismissing plaintiff's complaint. This was the basic issue before the trial court. Furthermore, although not essential to a decision, it may be observed that the general rule to the effect that this court will not consider questions which were not presented to or decided by the trial court is subject to an exception. When it appears from the uncontroverted facts that plaintiff does not have a cause of action and the question thus raised on appeal is decisive of the entire controversy on the merits this court may base its decision thereon regardless of the fact that the question is raised for the first time on appeal. Goldberg v. Sisseton Loan & Title Co., 24 S.D. 49, 123 N.W. 266;

Langford v. Issenhuth, 28 S.D. 451, 134 N.W. 889; Dakota National Bank v. Kleinschmidt, 33 S.D. 132, 144 N.W. 934; 4 C.J.S. Appeal & Error § 274b (2); cf. Sejnoha v. Buchanan, 71 S.D. 220, 23 N.W.2d 142; Unke v. Thorpe, 75 S.D. 65, 59 N.W.2d 419.

For reasons stated, the judgment is reversed.

SMITH, P. J., and RENTTO and BIEGELMEIER, JJ., concur.

HANSON, J., dissents.