COMMERCIAL UNION INSURANCE COMPANY OF NEW YORK, Plaintiff-Appellant,

v.

The FARMERS MUTUAL FIRE INSURANCE COMPANY OF ST. LOUIS COUNTY, Defendant-Respondent.

No. 33677.

St. Louis Court of Appeals, Missouri.

July 28, 1970.

Adolph K. Schwartz, St. Louis, for plaintiff-appellant.

Brackman, Copeland, Oetting, Copeland, Walther & Schmidt, Paul Brackman, Clayton, for defendant-respondent.

WEIER, Commissioner.

May one insurer, who paid a larger proportion of its coverage on a fire policy with a pro rata clause than it would have had to, recover by contribution from another insurer who also had a fire policy with a pro rata clause covering the same risk and the same insured, and who had no knowledge of the loss or payment until just before the demand for contribution? This is the issue presented by a unique set of facts which in the lower court produced a judgment against contribution, and which we now affirm.

Defendant, The Farmers Mutual Fire Insurance Company of St. Louis County, had issued a fire policy dated October 6, 1963, in the amount of $4,000.00 on a dwelling in St. Louis County. It was issued in the name of Emil H. C. Bernard. On April 1, 1964, this policy, with the consent of Farmers, was assigned by Bernard to Eugene and Mary A. Bussen. On June 1, 1964, the plaintiff, Commercial Union Insurance Company of New York, issued a policy of fire insurance on the same property in the amount of $6,000.00 to Mr. and Mrs. Bussen. Both policies contained a pro rata clause which provided that the insurer would not be liable for a greater proportion of any loss than the amount of the policy would bear to the whole amount of insurance covering the property. Mr. and Mrs. Bussen suffered a fire loss to this dwelling February 12, 1965.

Both policies were in effect on the date of loss. Bussens notified Commercial who then employed an adjusting firm to survey the loss and appraise the damage. An appraisal of the loss in the sum of $6,996.65 was submitted to Commercial. Bussens claimed the amount of the policy $6,000.00, which, together with $125.00 rental loss, was paid by that insurer on August 26, 1965. Farmers, who was unaware of the loss on February 12, 1965, cancelled its policy on December 22, 1965, and mailed a check to the Bussens for the unearned premium in the amount of $8.30. Then on

January 6, 1966, Mr. Bussen wrote Farmers stating that he was unaware of its policy at the time of the fire loss and requested Farmers to send him claim papers. Commercial knew nothing of the existence of the other policy, when it paid the Bussens. Upon Farmers' refusal to accede to Commercial's demand for contribution, this suit was filed, contending Farmers should pay Commercial its pro rata share of the loss.

The trial court rendered judgment for Farmers. Commercial appealed, pointing out error in the conclusions of law upon which the judgment was based. The prime error in these holdings, so says plaintiff, are found in those wherein the court determined Commercial to be a volunteer and that Commercial was not entitled to payment because there was no agreement for contribution.

■■ With respect to the holding that plaintiff was a volunteer, this is patently wrong. It is true that a volunteer who pays money, in the absence of fraud or duress, is not entitled to the return of his money. But the law requires in order to be in this status, one must have full knowledge of all the facts in the case. (See American Motorists Insurance Co. v. Shrock, Mo.App., 447 S.W.2d 809, 811, and authorities cited therein.) Certainly, Commercial had no knowledge of the Farmers policy at the time it made its payment to Mr. and Mrs. Bussen. If it had, it could have prorated its coverage and paid the exact amount which it admitted owing. Only if it had known and paid more than that amount, could it have been a volunteer as to the overage. The court was therefore in error when it found Commercial to be a volunteer.

■■ So also in error is the conclusion that Commercial had no claim for contribution from Farmers since no independent agreement had been made between the parties with respect to apportioning and adjusting the loss between them. "The doctrine of contribution is not founded on contract, but is based on the principle that equality of burden as to a common right is equity, and that wherever there is a common right the burden is also common." Missouri District Telegraph Co. v. Southwestern Bell Telephone Co., 338 Mo. 692, 93 S.W.2d 19, 23 [8]. The doctrine of contribution finds its basis in general principles of equity and of natural justice rather than contract. It is to be applied where one is compelled to pay more than his share of a common obligation which several persons are obligated to discharge. State ex rel. McCubbin v. McMillian, Mo. App., 349 S.W.2d 453, 459 [8]; see also 18 Am.Jur.2d, Contribution, Sec. 8, p. 16. An "independent agreement" between the insurers is not present here, but it is not necessary to support a claim for contribution. This conclusion of law in the court's findings does not sustain the judgment.

Farmers, on the other hand, argues that Commercial has failed to present the law which is really determinative of this case. It offers in support of the court's judgment the third conclusion of law or legal reason which the trial court advanced as a basis for its decision. This was the theory that since the policies contained pro rata clauses, they were independent of each other. Each insurer was bound to pay to the insured only its pro rata share of the loss and hence neither can recover contribution from the other.

No Missouri cases so holding have been called to our attention by counsel, nor have we found any. But according to encyclopaedic and text compilations, this would seem to be the rule generally followed and accepted. Thus if several insurers agree to pay the entire loss and only one pays it, the one so paying has a right of contribution against the others for a ratable proportion of the amount paid. This is for the reason that it had paid a debt which is equally due by the other insurers. On the other hand, if the several insurers restrict their obligation by agreeing to pay only that proportion of the loss as the amount insured by the respective insurers bears to

the total insurance covering the property against the peril involved, then none of them has a right of contribution against the others because each contract is independent of the other contracts. 44 Am. Jur.2d, Insurance, Sec. 1818, p. 742. See also 46 C.J.S. Insurance § 1207, p. 151; 6 Appelman, Insurance Law and Practice, Sec. 3902, p. 262.

Cases so holding[1] almost universally rely on Hanover Fire Insurance Co. of City of New York v. Brown, 77 Md. 64, 25 A. 989, 991 (motion for rehearing overruled 77 Md. 76, 27 A. 314), where the court, speaking of 21 policies on the same risk, each having pro rata clauses, said: "The contracts are entirely separate and independent of each other. Each insurer binds himself to pay his own proportion of the loss, without any reference to what may be paid by the others. If they pay more or less than they are bound to pay, or if they do not pay anything, it in no manner concerns him. If in this case the other insurance companies had paid the whole loss, they would have had no right of contribution from the defendant, and neither would such payment have discharged any portion of the defendant's liability to the insured."

Although some of the decisions rely in part upon the rationale that an insurer who pays beyond its obligation is a volunteer, the majority refer to principles which are much more fundamental. It is universally held that contribution applies only in cases where the equities of the parties are equal. The parties must be under a common burden, obligation or liability. These principles are adopted and explained in the case of Yore v. Yore, 240 Mo. 451, 144 S.W. 847, 850 [2, 3] where the court held there was no right of contribution because there was not a common obligation between two persons, who repaid an advancement made to a deceased life tenant, and three life tenants, who were obliged to but did not pay. The court held that the right of contribution belonged to one of two or more joint obligors. For it to arise, payment must be made by one obligated to pay the whole, as between himself and the co-obligor. (See also 18 Am.Jur. 2d, Contribution, Sec. 8, p. 16; 18 C.J.S. Contribution § 3, p. 4.) Application of the law to the instant case reveals that the facts do not give rise to contribution. Commercial issued its policy for a definite amount with a pro rata clause which fixed its liability. Farmers was in the same contractual condition. Neither was obligated to pay the whole.[2] Since they were each obligated to pay the insured a specific amount depending upon the loss and the proration, they were not under a common burden or liability. The fact that Commercial paid more than it was bound for did not entitle it to contribution from Farmers. This is also in accord with a converse of the statement set forth in Missouri District Telegraph Co. v. Southwestern Bell Telephone Co., supra, to the effect that wherever there is common right the burden is also common.

We find, therefore, that the court below properly decided in favor of Farmers and against Commercial because both contracts of insurance, having pro rata clauses, were independent of each other. The companies did not bear a common burden. Their obligations were several. Hence there was no right of contribution.

1. Illustrative cases from other jurisdictions are: Farm Bureau Mutual Automobile Ins. Co. v. Buckeye Union Casualty Co., 147 Ohio St. 79, 67 N.E.2d 906; American Reliable Ins. Co. v. St. Paul Fire & Marine Ins. Co., 79 S.D. 226, 110 N.W. 2d 344; Fidelity & Casualty Co. v. Fireman's Fund Ind. Co., 38 Cal.App.2d 1, 100 P.2d 364.

2. Unless there should be a total loss, in which event the "valued policy" statutes, Sections 379.140, 379.145 R.S.Mo. 1959, V.A.M.S., would become effective making each insurer liable for the face amount of its policy, even though each policy had a pro rata clause. MFA Mutual Insurance Co. v. Southwest Baptist College, Inc., Mo., 381 S.W.2d 797, 803 [7, 8].

We leave undecided the remaining point advanced by Commercial. It attacked the judgment below because the court erred in setting forth in its conclusions of law that there had been a failure to give Farmers timely notice and compliance with other provisions of the contract. Commercial contended that the court erred in so holding because Farmers failed to plead or prove prejudice and because of waiver.

■ We do not reach this last contention since our first concern is whether the court reached the right result. Since we have found that the judgment is sound for a valid reason, we should not disturb it merely because the court has assigned reasons which may be wrong or insufficient. White v. Smith, Mo.App., 440 S.W.2d 497, 512 [21]. A judgment may not be set aside unless clearly erroneous. Civil Rule 73.-01(d), V.A.M.R.

The judgment for the defendant is affirmed.

PER CURIAM:

The foregoing opinion by WEIER, C., is adopted as the opinion of this court. Accordingly, the judgment for the defendant is affirmed.

WOLFE, P. J., and DOWD, J., concur.

BRADY, Judge (concurring).

While I concur in the majority opinion, the result reached is such that I deem it necessary to emphasize that concurrence is conditioned upon my understanding of the opinion in the light of what here follows.

The insured was not made a party to this action. The proof of loss which is in evidence in this case contained the statement that there was no other insurance. Plaintiff had a right to rely upon this statement made by its insured. It follows that plaintiff has paid the entire loss on this claim under either (1) a mutual mistake of fact as to the existence of the other policy, or (2) a fraudulent statement by its insured.

By this opinion we in no way rule upon or foreclose: (a) plaintiff's right of action to recover the excess paid by it from the insured; or (b) insured's right to cross-claim against Farmers in the event plaintiff brings an action against the insured; or (c) Farmers' right to assert any policy defenses to the insured's cross-claim.