FILED

MAR 07 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

CLARENDON NATIONAL
INSURANCE COMPANY, a New Jersey
corporation; HAWKEYE SECURITY
INSURANCE COMPANY, AKA
Homeland Central Insurance Company,

        Plaintiffs-counter-defendants
- Appellees,

  v.

NATIONAL FIRE AND MARINE
INSURANCE COMPANY,

        Defendant-counter-claimant -
Appellant.

No. 11-16680

D.C. No. 2:08-cv-00331-LDG-RJJ

MEMORANDUM*

Appeal from the United States District Court
for the District of Nevada
Lloyd D. George, Senior District Judge, Presiding

Argued and Submitted February 15, 2013
San Francisco, California

---

    * This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: SCHROEDER and MURGUIA, Circuit Judges, and MCNAMEE, Senior District Judge.**

Appellant National Fire & Marine Insurance Co. ("National") appeals the district court's entry of summary judgment in favor of Appellees Clarendon National Insurance Co. ("Clarendon") and Homeland Central Insurance Co., formerly known as Hawkeye-Security Insurance Co., by transferee OneBeacon Insurance Co. ("Hawkeye"), awarding equitable contribution based upon the insurers' mutual defense of Point Blank Framing, Inc. ("Point Blank") in Nevada state court litigation. We have diversity jurisdiction pursuant to 28 U.S.C. § 1332 and affirm.

We review a district court's ruling on cross-motions for summary judgment de novo, *Redevelopment Agency of City of Stockton v. BNFS Ry. Co.*, 643 F.3d 668, 672 (9th Cir. 2011), and review factual findings for clear error, *Fin. Mgmt. Advisors, LLC v. Am. Int'l Specialty Lines Ins. Co.*, 506 F.3d 922, 925 (9th Cir. 2007). We review for an abuse of discretion the district court's evidentiary rulings, *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1110 (9th Cir. 2011), and determination to award or deny equitable relief, *Forest Grove Sch. Dist. v. T.A.*, 523 F.3d 1078, 1084-85 (9th Cir. 2008).

---

** The Honorable Stephen M. McNamee, Senior District Judge for the U.S. District Court for the District of Arizona, sitting by designation.

The district court, which interpreted and applied California law,[1] properly granted summary judgment in favor of Clarendon and Hawkeye. An insurer's duty to defend is triggered by the potential or possibility of coverage. *See Gray v. Zurich Ins. Co.*, 419 P.2d 168, 176 (Cal. 1966). National's duty to defend Point Blank arose based upon potential coverage under its four, consecutively issued insurance policies. National, together with Clarendon and Hawkeye, assumed the defense of Point Blank in connection with the state court litigation.

Under California law, the right to contribution arises when several insurers are obligated to defend the same loss or claim and one insurer pays more than its share of the loss. *See Fireman's Fund Ins. Co. v. Md. Cas. Co.*, 65 Cal. App. 4th 1279, 1293 (1998); *accord* 39A CAL. JUR. 3D *Insurance Contracts and Coverage* § 610 ("Where two or more insurance companies fully insure the same risk and one of them pays the total loss, it may enforce contribution from the other or others."). Moreover, "when a duty to defend is shown, a nonparticipating coinsurer is presumptively liable for a proportionate share of a settling insurer's costs of

---

[1] Because this dispute is before the Court under diversity jurisdiction, our analysis is governed by state insurance law. *See Eichacker v. Paul Revere Life Ins. Co.*, 354 F.3d 1142, 1145 (9th Cir. 2004). "Where Nevada law is lacking, its courts have looked to the law of other jurisdictions, particularly California, for guidance." *Mort v. United States*, 86 F.3d 890, 893 (9th Cir. 1996).

defense *and settlement*." *Clarendon Am. Ins. Co. v. N. Am. Capacity Ins. Co.*, 186 Cal. App. 4th 556, 559 n.1 (2010).

National, by informing Clarendon and Hawkeye that it would contribute no greater than $50,000 toward any settlement, severed the parties' mutual defense of Point Blank, prompting Clarendon and Hawkeye to negotiate on their own a partial settlement while National pursued its separate defense. Although each insurer's duty to defend is separate and independent from the others, *Aerojet-Gen. Corp. v. Transp. Indemnity Co.*, 948 P.2d 909, 928 (Cal. 1997), an insured is ultimately entitled "to only one full defense." *Safeco Ins. Co. of Am. v. Parks*, 170 Cal. App. 4th 992, 1004 (2009). National, by pursuing its own defense, forced Clarendon and Hawkeye to incur a disproportionate amount of Point Blank's defense costs. *See Fireman's Fund Ins. Co.*, 65 Cal. App. 4th at 1293.

We reject National's arguments that the terms of its policy provisions relieve it of any contribution obligation. As the California Supreme Court explained, "[w]hen multiple policies are triggered on a single claim, the insurers' liability is apportioned . . . under the equitable doctrine of contribution. . . . That apportionment, however, has no bearing upon the insurers' obligations to the policy holder." *Dart Indus., Inc. v. Commercial Union Ins. Co.*, 52 P.3d 79, 93 (Cal. 2002) (internal quotation marks omitted). Because "equity dictates that each

4

primary carrier should bear some proportion of the ultimate burden of liability," *Stonewall Ins. Co. v. City of Palos Verdes Estates*, 46 Cal. App. 4th 1810, 1861 (1996), National is liable to Clarendon and Hawkeye for contribution. *See Herrick Corp. v. Can. Ins. Co. of Cal.*, 29 Cal. App. 4th 753, 759 (1994) ("The idea is that the insurers are 'equally bound,' so therefore they 'all should contribute to the payment.'" (quoting *Fidelity & Cas. Co. of N.Y. v. Fireman's Fund Indem. Co.*, 100 P.2d 364, 366 (Cal. App. 1940))).

Next, the district court did not abuse its discretion by ordering National to contribute an amount equal to seventy-seven percent of the Clarendon and Hawkeye settlement. The parties themselves, the district court observed, previously allocated to National seventy percent liability based upon the "time on the risk" method. The district court employed the same method, which has been recognized as an approach that "likely . . . leads to the fairest result in most cases," *Stonewall Ins. Co.*, 46 Cal. App. 4th at 1862, to calculate National's liability.

Finally, we reject National's assertion that the district court impermissibly relied upon communications made during mediation. Evidence related to settlement negotiations is inadmissible "either to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction." FED. R. EVID. 408; *see also* NEV. REV. STAT. § 48.109(2)

5

(providing that "proceedings of the mediation session must be regarded as settlement negotiations, and no admission, representation or statement made during the session, not otherwise discoverable or obtainable, is admissible as evidence or subject to discovery"). Here, the evidence in question, which was disclosed during discovery, was not admitted for the purposes to which Rule 408 is addressed. Moreover, the district court did not rely upon or make any explicit finding of fact related to any mediation information. Accordingly, the district court did not abuse its discretion by denying National's motion to strike and overruling its evidentiary objections.

**AFFIRMED.**